**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

JOSHUA E. POWELL,                         :
                                          :
          Plaintiff,             :
                                          :
v.                                        :        Case No. 5:26-cv-104-CAR-ALS
                                          :
JOHN AND/OR JANE DOE, *et al.*,           :
                                          :
          Defendants.            :

---

**ORDER**

Plaintiff Joshua E. Powell, a prisoner at Dooly State Prison in Unadilla, Georgia, filed a *pro se* civil rights Complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff also moved for leave to proceed *in forma pauperis* ("IFP"). (Doc. 2). As discussed below, Plaintiff's motion for leave to proceed IFP is **GRANTED**. Plaintiff's Complaint is ripe for preliminary review and, upon conducting that review, Plaintiff is **ORDERED** to recast his Complaint if he wishes to proceed with this action.

**MOTION FOR LEAVE TO PROCEED IFP**

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). (Doc. 2). As it appears Plaintiff is unable to prepay the cost of commencing this action, his application to proceed IFP is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the Court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has

no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived. Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his Complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.    Directions to Plaintiff's Custodian

Hereafter, Plaintiff is required to make monthly payments of twenty percent 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The Clerk of Court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.    Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in

custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.    Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021)

3

(affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.     Factual Allegations

Plaintiff asserts that he has ulcerative colitis and a muscle condition that causes his leg to hurt when he sleeps on his left side. (Doc. 1, at 5). Plaintiff also says that he requested

4

and was told that he would be given a soft mat, but he has not received one. *Id.*

III.    Plaintiff's Claims

It appears that Plaintiff may be attempting to assert a claim for deliberate indifference to a serious medical need. To state a claim for deliberate indifference to serious medical needs, a plaintiff must allege facts showing "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted).

"[A] serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). It is possible that Plaintiff's conditions may constitute a serious medical need, but he does not provide any information about the nature of his symptoms (other than pain in his leg when he sleeps) or whether his conditions have been diagnosed by a doctor. Thus, it is not clear from the complaint whether Plaintiff has a serious medical need.

Assuming that Plaintiff has sufficiently alleged that he has a serious medical need, Plaintiff has not identified by name or alleged any facts showing that someone was deliberately indifferent to this need. To do so, a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law[.]'" *Wade*, 106 F.4th at 1255 (first citing *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020); and then quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)). Here, Plaintiff asserts that he has ulcerative colitis and a muscle condition,

5

but Plaintiff does not allege facts showing that anyone was aware of these conditions and disregarded them.

The only specific thing that Plaintiff asserts he needed in relation to his medical conditions was a soft mat. Plaintiff alleges that he was told he would receive a soft mat, but he does not allege any facts about who told him that he would receive a soft mat or who was responsible for the failure to get him a soft mat. (*See* Doc. 1, at 5).

Indeed, Plaintiff does not specifically discuss any individuals by name who may have been involved in his care or who may have failed to address his medical needs. And although Plaintiff mentions Dooly State Prison medical staff, § 1983 requires "an affirmative causal connection between the actions taken by a particular person under color of state law and [a] constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). Thus, Plaintiff cannot make general allegations against the medical staff. Instead, he must name specific defendants whom he believes violated his constitutional rights. Because Plaintiff does not assert any facts to show that any particular person on the medical staff was aware of his condition and disregarded that risk of harm to him, his allegations do not state a claim for relief.

IV.    Order to Recast

As set forth above, Plaintiff's allegations do not state a claim on which relief may be granted. Nevertheless, it appears possible that Plaintiff may be able to state such a claim through a more carefully drafted complaint. Therefore, Plaintiff will be given an opportunity to recast his Complaint to try to state a claim. Accordingly, Plaintiff is **ORDERED** to recast his Complaint if he wishes to proceed with this case. When doing so, Plaintiff must write legibly. Plaintiff must list each defendant in the heading of his

recast complaint. In the body of his recast complaint, Plaintiff must again list each defendant by name and tell the Court exactly how and when that defendant allegedly violated Plaintiff's constitutional or federal statutory rights. Plaintiff's recast complaint should be no longer than ten (10) pages. Plaintiff may not attach any exhibits, declarations, or other attachments to the recast complaint.

Plaintiff is notified that only one sole operating complaint is permissible, and his recast complaint will supersede and take the place of his original Complaint. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (stating that when an amended complaint is filed, the previously filed complaint becomes "a legal nullity"). Thus, the Court will not refer to any previous complaints or filings to determine if Plaintiff has stated a claim, and Plaintiff must include all relevant factual information necessary for the Court to evaluate his claims in the recast complaint.

In recasting his Complaint, it is recommended that Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)    *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2)    *When* and *where* did each action occur (to the extent memory allows)?

(3)    *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)    *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)    *What* did this defendant do (or not do) in response to this knowledge?

(6)   *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8.

## CONCLUSION

As set forth above, Plaintiff's motion to proceed IFP (Doc. 2) is **GRANTED**. On review of his complaint, Plaintiff has not stated a claim for relief. Nevertheless, he will be given an opportunity to file a recast complaint. Therefore, Plaintiff is **ORDERED** to file a recast complaint consistent with this Order if he wishes to proceed with this case. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to file his recast complaint. Plaintiff must also notify the Court immediately and in writing of any change in his mailing address. **Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this case.**

The Clerk is **DIRECTED** to forward Plaintiff a blank 42 U.S.C. § 1983 form together with his service copy of this Order (with the civil action number showing on both). There shall be no service of process until further order of the Court.

**SO ORDERED**, this 13th day of May, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE