**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JOSHUA E. POWELL,** | : | |
| **Plaintiff,** | : | |
| **VS.** | : | **NO. 5:26-cv-00104-CAR-ALS** |
| **JOHN AND/OR JANE DOE, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

Plaintiff Joshua E. Powell, a prisoner in Dooly State Prison in Unadilla, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. On preliminary review, the United States Magistrate Judge found that Plaintiff had not stated a claim for relief but permitted him an opportunity to recast his complaint to address the deficiencies in the original. ECF No. 4. Plaintiff has now filed a recast complaint, which is ripe for preliminary review. ECF No. 6. On that review, Plaintiff's complaint is now **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, as set forth below.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I. Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent

standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II. <u>Factual Allegations</u>

Plaintiff's statement of facts says only that the incident underlying his complaint occurred between Baldwin and Coastal State Prisons in 2021 when a transport officer took Plaintiff's mat. ECF No. 6 at 5. In his request for relief, Plaintiff asks for his "soft mat back" and mentions that he still has ulcerative colitis and leg pain.

III. <u>Plaintiff's Claims</u>

Plaintiff's complaint, as amended, does not state a viable claim for several reasons. First, to the extent that Plaintiff may be attempting to state a due process claim based on his mat being taken in 2021, this claim is barred by the two-year statute of limitations applicable to § 1983 claims, as Plaintiff did not file his complaint in this case until March 2026. *See Reynolds v. Murray*, 170 F. App'x 49, 50-51 (11th Cir. 2006) (per curiam) (explaining that Georgia's two-year statute of limitations applies to § 1983 civil rights

claims).

But even if such a claim was timely, the Due Process Clause of the Fourteenth Amendment is not offended when a government official deprives an individual of his personal property if the state makes available a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The State of Georgia provides Plaintiff an adequate post-deprivation remedy for the loss of his property through a state court action, which covers the unauthorized seizure of personal property by officers. *See* O.C.G.A. §§ 51-10-1 through 51-10-6; *see also Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (finding no due process violation for the retention of the plaintiffs' cash by the police because Georgia "has provided an adequate post deprivation remedy" in O.C.G.A. § 51-10-1). Thus, Plaintiff has not alleged a viable due process claim with regard to the deprivation of his mat.

In his request for relief, Plaintiff asks for his "soft mat back" and mentions ulcerative colitis and leg pain. Thus, it appears possible that Plaintiff may be attempting to assert a claim for deliberate indifference to a serious medical need based on his mat being taken from him or based on a failure to treat these conditions. To state a claim for deliberate indifference to serious medical needs, a plaintiff must allege facts showing "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted).

"[A] serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily

recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). With regard to his leg pain, Plaintiff does not provide any information about this condition. Similarly, he states that he has ulcerative colitis, but he does not allege any facts regarding how this condition has been diagnosed or how it affects him. Thus, Plaintiff has not alleged facts showing that he has a serious medical need.

Regardless, even assuming that Plaintiff had sufficiently alleged that he has a serious medical need, Plaintiff has not alleged facts showing that any defendant was deliberately indifferent to this need. To do so, a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)). Here, Plaintiff names Dr. Boris Ramirez and the nursing staff as defendants, but he does not allege any facts relating to these defendants. In particular, to the extent that his contention is that they should have provided him with a soft mat, Plaintiff does not allege any facts to show that Dr. Ramirez or any member of the medical staff knew that Plaintiff needed a soft mat and failed to provide him with one.

Moreover, insofar as Plaintiff generally refers to the nursing staff, § 1983 requires "an affirmative causal connection between the actions taken by a particular person under color of state law and [a] constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). Thus, Plaintiff cannot make general allegations against the nursing staff. Instead, he was required to name specific defendants who he believes violated his constitutional rights.

In the order to recast, Plaintiff was instructed that he must list each defendant by name and tell the Court exactly how and when that Defendant allegedly violated Plaintiff's constitutional or federal statutory rights. As discussed above, Plaintiff names Dr. Ramirez, but Plaintiff does not explain what Dr. Ramirez has done or failed to do to violate Plaintiff's rights. Moreover, Plaintiff does not name any other specific defendant or say what anyone has done that constitutes deliberate indifference to his needs. Therefore, he has not stated a claim for deliberate indifference to his serious medical needs.

IV. Conclusion

As set forth above, Plaintiff's allegations do not state a claim under 42 U.S.C. § 1983. Therefore, Plaintiff's complaint is now **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief.

**SO ORDERED**, this 28th day of September, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT